UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No.: 11-36216-LMI

Antonio Alvarez,                                    Chapter 13

       Debtor.

_____/

## MOTION FOR CONTEMPT

**COMES NOW** the Debtor, by and through his undersigned counsel and moves this Honorable Court for an order finding Keys Gate Community Association, Inc., hereinafter also referred to as "Creditor" in contempt of court and as grounds therefore would show:

1.      Debtor filed the instant case on or about September 22, 2011.

2.      The Debtor filed a Motion to Value Collateral [DE#32] in the Bankruptcy on or about December 22, 2011. Said Motion was granted by the court on or about February 9, 2012 [DE#].

3.      Keys Gate Community Association, Inc. , filed a proof of claim in the instant case, to wit: Claim # 9 on or about October 6, 2011.

4.      The Debtor received his discharge on or about February 25, 2015.

5.      On or about September 8, 2015 the Debtor scheduled and attended a meeting with Mr. Freire and provided to him a copy of a Final Judgment of Condominium/Homeowner's Association Foreclosure entered on August 25, 2015. Said final judgment set a sale date on October 15, 2015 and included a grand total of $19,101.19, which included $5,000.00 in attorney's fees. Said Final Judgment is void ab initio.

6.      On the same day of the Debtor's appointment Undersigned reviewed the Final Judgment and noted that the Creditor was represented by the same law firm who filed the proof of claim in the bankruptcy and who was noticed in the Motion to Value

(along with the Creditor's Registered Agent and President).

7.    Again, on the same day of the Debtor's consultation with Mr. Freire, Undersigned called and spoke with Mr. David Krempa, Esq. and advised him that the Debtor had stripped the mortgage  in the bankruptcy and that the Debtor had received his discharge.  During the conversation Mr. Krempa requested a copy of the Order Stripping the Association, and Ms. Blanco obtained a copy of the Order Valuing Collateral from PACER and emailed same to Mr. Krempa on the same day.

8.    Undersigned emailed a confirming letter to Mr. Krempa on September 9, 2015 advising Mr. Krempa that as we had  discussed in the previous day's phone conversation that he would file a Motion to Vacate the Judgment within seven (7) days of September 8, 2015.  Furthermore, the letter sated that it was the understanding of Undersigned counsel that the foreclosure case would be dismissed.  A copy of said letter along with proof it was emailed to Mr. Krempa is attached hereto and incorporated herein.

9.    On or about September 11, 2015 undersigned received an email from Mr. Krempa stating, "Please note you client has not made all ongoing payments since the bankruptcy filing.  Therefore, they are delinquent.  Please advise if otherwise." Upon receipt of the email Undersigned called Mr. Krempa and advised that the post-petition assessments were paid through the confirmed plan.   On September 11, 2015 Mr. Freire spoke to the Debtor regarding Mr. Krempa's email.

10.    On or about September 14, 2015 the Debtor called Mr. Freire and spoke to him again regarding all of the payments to the Creditor, which necessitated a lengthy phone call.

11.    On or about September 14, 2015, Ms. Blanco reviewed the Trustee's ledger, as the post-petition payments were made through the Chapter 13 plan and provided a

copy of the Chapter 13 Trustee's ledger to Mr. Krempa by email.

12.    On or about September 14, 2015 Undersigned sent another letter to Mr. Krempa, stating that a review of the Final Judgment reflected a PACER charge, which is further proof that the association had knowledge of the bankruptcy and nonetheless went forward with a foreclosure on the Debtor's property.    Undersigned also reiterated that unless Debtor's counsel received a Motion to Vacate the Judgment within seven (7) days of September 8, 2015 that Undersigned would file a Motion with the Bankruptcy Court and would seek attorney's fees and sanctions.  Attached hereto and incorporated herein is a copy of same.  Said letter also requested attorney's fees from the Creditor for all of the time incurred by Debtor's counsel in this matter in the amount of $1,500.00 and requested Mr. Krempa call to advise of a time frame to pay the fees.

13.    On or about September 15, 2015 Ms. Blanco reviewed the Debtor's post bankruptcy payments and forwarded same to Mr. Krempa.  All of the post-bankruptcy payments to the association reflect that they were received by the association.

14.    On or about September 15, 2015 Mr. Krempa filed a Motion to Cancel the foreclosure sale.  Said state court motion is set for hearing on September 23, 2015. As of the filing of the instant motion undersigned has not received a  Motion to Vacate the Final Judgment or a Notice of Voluntary Dismissal with Prejudice of the state court foreclosure action, nor has Mr. Krempa called Debtor's counsel to advise as to when the Creditor anticipates compensating same for the time incurred.

15.    On or September 16, 2015 Debtor called and spoke with Ms. Blanco as to the status of the Foreclosure Sale.

16.    The Debtor has incurred reasonable attorney's fees in bringing and prosecuting the instant Motion.

**WHEREFORE**, for the above reasons the Debtor prays this Honorable Court enter an Order finding the Creditor to be in contempt of court for failing to file a Motion to Vacate the Final Judgment of Foreclosure, failing to dismiss the Foreclosure Action with prejudice, directing the Creditor to so within a date certain and awarding the Debtor reasonable attorney's fees and sanctions.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the **MOTION FOR CONTEMPT and the Accompanying Notice of Hearing** was simultaneously mailed on the _21_ day of _September_, 2015, to **Nancy N. Neicich**, Chapter 13 Trustee, via NEF, **Keys Gate Community Assoc., Inc., c/o David Krempa, Esq.,**P.O. Box 311059, Miami, FL 33231 and via email to dkrempa@algpl.com, **Keys Gate Community Assoc., Inc., c/o Association Law Group, P.L., Registered Agent,** 1200 Brickell Avenue, PH2000, Miami, FL 33131, **Keys Gate Community Assoc., Inc.,  Attn: Kimberly Green, President,** 1541 SE 12 Ave. #37, Homestead, FL 33034 and **Debtor** via first class mail.

Freire & Gonzalez, P.A.
Attorneys for Debtor(s)
[ ] Edward Freire, Esq. FBN: 0813771
[X] Laila S. Gonzalez, Esq. FBN: 0975291
10647 N. Kendall Dr.
Miami, FL 33176
Ph. (305) 826-1774
Fax (305) 826-1794
courtdoc@fgbkc.com